# JENNINGS *v.* PHILADELPHIA, BALTIMORE, & WASHINGTON RAILROAD COMPANY.

### BILLS OF EXCEPTION.

1. Rule 55 of the lower court, providing for service of a copy of the bill of exceptions on the opposing counsel and notice to him of the time when it will be submitted to the court for settlement, operates within the term during which the trial is held and within the time of its prolongation, when made in accordance with the provisions of sec. 2, rule 54, of that court, which provides that the bill must be settled before the close of the term which may be prolonged in order to prepare it.

2. When a bill of exceptions is presented without the notice to opposing counsel required by rule 55 of the lower court, but within the term, the trial justice may nevertheless settle it (following *Lindsey* v. *Pennsylvania R. Co.* 26 App. D. C. 125); but he is not compelled to do so (following *Johnson-Wynne Co.* v. *Wright,* 28 App. D. C. 375), and, if the bill is submitted and settled after the expiration of the time permitted, it will not be considered. (Following *Talty* v. *District of Columbia,* 20 App. D. C. 489.)

3. While the bill of exceptions in an ordinary civil case may be settled after the expiration of the time permitted by the rules of the lower court, if the opposing counsel consents thereto, his failure to state at the time the bill is submitted to the trial court that he objects to the settlement of the bill because the time therefor has elapsed, is not equivalent to an express consent, and nothing less than such a consent, evidenced either by a stipulation to that effect, or by the certificate of the trial justice that he had given his consent, will be sufficient.

No. 1869.  Submitted March 17, 1908.  Decided March 31, 1908.

HEARING on a motion by the appellee to strike a bill of exceptions from the transcript of record and to affirm the judgment.                          *Granted.*

The facts are stated in the opinion.

*Messrs. McKenney & Flannery* for the motion.

*Mr. E. Hilton Jackson* opposed.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

The appellee, the Philadelphia, Baltimore, & Washington Railroad Company, has filed a motion to strike the bill of exceptions from the transcript of record in this case, and to affirm the judgment.

The facts as shown by the stipulation of the parties are that the verdict for the defendant was entered in the court below on December 4, 1907; motion for a new trial was overruled, and judgment for defendant for costs entered, December 20, 1907. The term ended on the 31st day of December, and a new term began in January. On January 10, 1908, an appeal bond was approved and filed. On January 14th, the appellant, A. Guion Jennings, having given eight days' notice in compliance with rule 55 of the supreme court of the District of Columbia, accompanied by a copy of his proposed bill of exceptions, presented the said bill to the court for settlement. The facts in regard to this presentation are recited as follows in the stipulation:

"In pursuance of common-law rule No. 55, counsel for the appellee was present, having received the eight days' notice together with a copy of appellant's proposed bill of exceptions required by said rule. The proposed bill of exceptions was submitted to the court by counsel for the appellant in the presence of and without objection from counsel for the appellee."

On February 11th the bill of exceptions was signed by the trial judge and filed now for then.

The common-law rule that a bill of exceptions must be settled before the regular close of the term has been changed by sec. 2 of common-law rule 54 of the supreme court of the District of Columbia, which provides as follows: "The bill

of exceptions must be settled before the close of the term, which may be prolonged by adjournment in order to prepare it, but not longer than thirty-eight days, exclusive of Sundays, save in the case of a trial begun during a term but not concluded until after the expiration of the ·term, in which case the trial justice may extend the term in his discretion, in order to prepare a bill of exceptions."

Common-law rule 55, in accordance with which notice was given to appellee of the intention to present the bill of exceptions, provides generally that every bill shall be prepared and submitted to the counsel on the other side; if not settled before the jury retires, notice shall be given to opposing counsel of the time at which it is proposed the bill of exceptions shall be settled, and shall, at least eight days, exclusive of Sundays, before the time designated in such notice, submit to the opposing counsel the bill of exceptions so proposed to be settled, and the said exceptions shall be presented to the court within thirty-eight days, exclusive of Sundays, after judgment shall have been entered therein, unless the trial justice shall, for good cause shown, extend the time for the presentation thereof, etc.

Rule 55 was not intended to affect the operation of rule 54. Its purpose is to secure the fair settlement of a delayed bill of exceptions by requiring the delivery of a copy of the proposed bill to the opposing party with notice of the time of its intended submission to the trial justice for its settlement. It operates within the term during which the trial was had, and within the term of its prolongation when made in accordance with the provision of sec. 2 of rule 54. Whether the permission to the trial justice to further extend the term for presentation of the bill, given by rule 55, would be available after the expiration of the trial term, is a question that does not arise in this case.

When a bill is presented without the notice required, but within the term, the trial justice may nevertheless settle it. *Lindsey* v. *Pennsylvania R. Co.* 26 App. D. C. 125. But he is not compelled to do so. *Johnson-Wynne Co.* v. *Wright,*

28 App. D. C. 375. If the bill is presented and settled after the expiration of the time permitted, it will not be considered. *Talty* v. *District of Columbia,* 20 App. D. C. 489.

It seems that a bill of exceptions in an ordinary civil case may be settled after the expiration of the time permitted by the rules, if the opposing counsel consents thereto.

It is contended that the facts recited in the stipulation show such a consent. We do not concur in this view. When given notice of the intention to submit the bill of exceptions, the counsel for the appellee appeared. The facts do not show that he consented to the settlement of the bill of exceptions, but simply that he made no objection thereto. He was not called upon to give his express consent, and his failure to state at the time that he objected to the settlement of the bill because the time therefor had elapsed was not the equivalent of such an express consent. Nothing less than an express consent, evidenced either by stipulation to that effect, or by the certificate of the trial justice that he had given his consent, will be sufficient. It would be an unsafe practice to permit a bill of exceptions to be settled under such circumstances. It is true that the parties have agreed in this case to the fact that no objection was made. But the fact that none was made would be equally effective if shown to be true, in a case where the fact might be controverted. This would lead to the introduction of affidavits in regard to what may have occurred in the presentation of the bill, and to the raising of new issues not contemplated in an appellate tribunal. *Talty* v. *District of Columbia,* 20 App. D. C. 489, 493.

It follows that the motion to strike the bill of exceptions from the record is well taken and must be granted. There being nothing in the record on which error can be assigned without a bill of exceptions, the judgment must be affirmed with costs.

*Affirmed.*

A writ of error to the Supreme Court of the United States, prayed for by the appellant, was allowed April 14, 1908.